**Judith WILLIAMS, by her Mother and Next Friend, A. M. Williams, and Joyce Mae Williams, by her Mother and Next Friend, Kathleen Williams, Appellants,**

v.

**George MILLER, S. R. Lyons, J. N. Vestal, Gus Brady, John W. Neutt, Dr. L. R. Redden and Fred C. Storm, Appellees.**

No. 79–1276.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1980.
Decided April 29, 1980.

Matthew T. Horan, Fayetteville, Ark., for appellant; John W. Walker, Little Rock, Ark., on brief.

Robert V. Light, Friday, Eldredge & Clark, Little Rock, Ark., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and HANSON, District Judge.*

PER CURIAM.

This is an appeal from an order of the district court[1] denying plaintiffs' application for attorney's fees in connection with a sex discrimination action instituted on October 9, 1974. In that action, plaintiffs sought class relief under 28 U.S.C. §§ 1343(3) and (4) and 42 U.S.C. § 1983 for alleged discrimination by the Superintendent and Board members of the North Little Rock Arkansas public schools against female students and faculty members with respect to school-sponsored athletic opportunities. The complaint also requested attorney's fees pursuant to 20 U.S.C. § 1617.[2]

Defendants moved to dismiss on grounds of failure to exhaust administrative reme-

---

* The Honorable WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Bruce M. Van Sickle, sitting by special assignment on the United States District Court for the Eastern District of Arkansas.

2. 20 U.S.C. § 1617, which was part of the Emergency School Aid Act of 1972, 20 U.S.C. § 1601 et seq., was repealed effective November 30, 1979. It provided:

    Upon the entry of a final order by a court of the United States against a local educa-

tional agency, a State (or any agency thereof), or the United States (or any agency thereof), for failure to comply with any provision of this chapter or for discrimination on the basis of race, color, or national origin in violation of title VI of the Civil Rights Act of 1964, or the fourteenth amendment to the Constitution of the United States as they pertain to elementary and secondary education, the court, in its discretion, upon a finding that the proceedings were necessary to bring about compliance, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

dies and lack of standing. The district court[3] held a hearing on this motion and on plaintiffs' motion for preliminary injunctive relief on December 4, 1974. During the hearing the court expressed the following opinion:

I think the Board undoubtedly, and the school Administration undoubtedly, cannot deny females equal opportunity, equal protection under the law * * *. I think undoubtedly the female students must be given some fair opportunity. Maybe they have all the opportunity they want. I doubt it. Maybe they do.

However, the court denied plaintiffs' motion for preliminary injunctive relief on the understanding that the defendants would "submit this problem to the Board at its next meeting, which will be on December 19th," and later advise the court on exactly what recommendations had been made. The court also denied defendants' motion to dismiss without prejudice to its renewal when the record had been supplemented to reflect the Board's views regarding an expanded athletic program for girls.[4]

Defendant subsequently caused a survey to be made among female students to ascertain the extent of their interest in an expanded athletic program, and recommendations based on this survey were made to the Board. On January 28, 1975, counsel for defendants advised the district court by letter of the Board's decision to expand the athletic program for girls and suggested that this action rendered the case moot.

Defendants moved for summary judgment on December 18, 1975. The grounds were failure to exhaust administrative remedies, lack of standing, and that the suit was not a proper class action. After prompting by the district court, plaintiffs finally resisted the motion for summary judgment on October 22, 1976. This motion was never ruled on, however, apparently because Judge Shell, who had taken over the case after Judge Henley was elevated to this court, died. A pretrial conference was finally held on January 18, 1979. At that conference plaintiffs moved to have the action dismissed without prejudice, "subject to the allowance of * * * attorney's fees." A memorandum in support of plaintiffs' application for attorney's fees was filed on January 29, 1979. Although 42 U.S.C. § 1988 had been amended in 1976 to permit prevailing parties in suits under § 1983 to recover attorney's fees,[5] and although § 1988 was clearly applicable to this case because the case was pending when § 1988, as amended, took effect, *Gay Lib v. University of Missouri*, 558 F.2d 848 (8th Cir. 1977), plaintiffs did not mention § 1988 in their memorandum, and in fact have explicitly invoked it for the first time in this appeal. Recall that the original request for attorney's fees had been made pursuant to 20 U.S.C. § 1617.

The district court treated the application for attorney's fees under § 1617 only. Although the court noted that § 1617 permitted attorney's fees only in suits for discrimination on the basis of race, color, or national origin, whereas this suit alleged discrimination on the basis of gender, it did not deny the application on that ground. Rath-

---

**3.** The Honorable J. Smith Henley, then United States District Judge for the Eastern District of Arkansas.

**4.** Another hearing was held in December 1974 on allegations by Joyce Williams that she was suspended from school for unlawful reasons. The court denied her motion for reinstatement on the condition that the suspension would not extend beyond four days. The suspension was then lifted by the school at the end of the four-day period.

**5.** 42 U.S.C. § 1988, as amended by the Civil Rights Attorney's Fees Award Act of 1976, provides in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

er, the court held that plaintiffs had "failed to establish themselves as the 'prevailing party' in this action" and that they had also failed to demonstrate a sufficient basis "upon which to make a finding that the proceedings were necessary to bring about compliance with applicable law." *Williams v. Miller*, No. LR–74–C–312 (E.D.Ark., filed February 28, 1979). We next consider these two holdings of the district court.

*Prevailing Parties*

· The district court took the view that plaintiffs were not prevailing parties herein *because they themselves dismissed the suit.* This view is erroneous, under both 20 U.S.C. § 1617 and 42 U.S.C. § 1988.

The relief sought by plaintiffs was in substance achieved by voluntary compliance by the defendants after the suit was instituted; only after this compliance did plaintiffs dismiss the suit. We have held that the fact that a suit is mooted by voluntary actions of the defendants is not enough to prevent plaintiffs from being prevailing parties within the meaning of § 1988. *International Society For Krishna Consciousness, Inc. v. Andersen*, 569 F.2d 1027 (8th Cir. 1978). Similar results have been reached under § 1617. *See Davis v. Reed*, 72 F.R.D. 644 (D.C.Miss.1976) (§ 1617 case resolved by consent decree.)

■ When defendants moot the suit by voluntary compliance the question becomes whether the suit was the "catalyst" that brought about compliance by the defendants; if it was, the plaintiffs are prevailing parties for attorney's fees award purposes, despite the fact that judicial relief may no longer be necessary. *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421, 429–30 (8th Cir. 1970) (suit under 42 U.S.C. § 2000e et seq.; application for attorney's fees under 42 U.S.C. § 2000e–5(k)); *see also NAACP v. Bell*, 448 F.Supp. 1164 (D.D.C. 1978) (suit under 42 U.S.C. §§ 1981 and 1985; application for attorney's fees under § 1988). Although the district court has not passed on the question, the facts of this case

suggest that the filing of this suit may well have served as the catalyst for the Board of Education's decision to expand its athletic program for girls, and that plaintiffs may therefore be prevailing parties for purposes of both § 1617 and § 1988.

*Necessity of the Suit*

An applicant for attorney's fees under § 1617 not only must convince the court to which he applies that he prevailed in the litigation; he must also convince the court that his suit was "necessary to bring about compliance" with applicable law. *See* n.2 *supra.*[6] The district court concluded that plaintiffs had not carried their burden under § 1617 of establishing the necessity of this suit, apparently because the court was not convinced that plaintiffs could not have accomplished the same results by pursuing available administrative remedies prior to filing suit.

■ No similar additional burden of proof is placed on prevailing plaintiffs under § 1988. Indeed, the burden is quite the opposite: a party seeking to enforce the rights protected by the statutes mentioned in § 1988, if he prevails, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," S.Rep.No.94–1011, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5912; *Wharton v. Knefel*, 562 F.2d 550 (8th Cir. 1977); and the burden of proof of such "special circumstances" is upon the losing defendant, *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 38 (2d Cir. 1978). Because the district court did not reach this issue, we express no opinion on whether defendants have proved any special circumstances in this case that would justify withholding an attorney's fee award under § 1988 from plaintiffs, assuming that plaintiffs are found to have prevailed in the litigation.

---

**6.** Note that § 1617, unlike § 1988, apparently permits only prevailing *plaintiffs* to recover attorney's fees.

*Conclusion*

 Apparently because plaintiffs' counsel failed to mention § 1988 in his memorandum in support of plaintiffs' application for attorney's fees, the district court did not consider the application under that statute. However, the facts of this case suggest that plaintiffs may be entitled to an award under § 1988. While we in no way condone or excuse counsel's failure to adequately inform the district court of the full basis for plaintiffs' application, we nevertheless believe that the broad remedial purposes of the Civil Rights Attorney's Fees Award Act of 1976, which amended § 1988, and the interests of justice, will be best served if we remand the case to the district court for its reconsideration of plaintiffs' application under the Act.

Accordingly, this cause of action is remanded with directions that the district court reconsider plaintiffs' application for attorney's fees under 42 U.S.C. § 1988. We retain jurisdiction of the case and will finally dispose of it after receiving the certification from the clerk of the district court of the final judgment of that court.