Terrance J. PITTS, Appellant,

v.

**DALLAS COUNTY BAIL BOND BOARD, Appellee.**

No. 07–99–0222–CV.

Court of Appeals of Texas, Amarillo.

March 15, 2000.

Opinion on Rehearing May 8, 2000.

Rehearing Overruled June 7, 2000.

Carolyn Findley Price, Arlington, for appellant.

Bill Hill, Dist. Atty., John Clark Long, IV, Asst. Dist. Atty., Dallas, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

JOHN T. BOYD, Chief Justice.

This appeal involves a challenge to an award of attorney's fees pursuant to the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988) arising out of claims made against the Dallas County Bail Bond Board under Title 42, Section 1983 of the United States Code. Appellant Terrance J. Pitts (Pitts), presents five points of asserted error challenging the adequacy of the trial court award. Finding no reversible error in the trial court's judgment, we affirm it.

The action from which this appeal is brought was severed from a suit which originated between Eddie Dees and the Dallas County Bail Bond Board (the Board). Pitts intervened asserting claims against the Board under Title 42, Section 1983 of the United States Code, for alleged deprivation of his civil rights, including his right to due process and seeking injunctive relief and attorney's fees under Title 42, Section 1988. As a result of that suit, the trial court rendered judgment in August 1993, awarding Pitts $570,123.81 in actual damages, ordering the Board to issue him a bail bondsman's employee ID card, and making certain declarations concerning the legality of business practices of Pitts. The judgment also awarded the Board $570,123.81 for forfeiture debts Pitts owed to the Board and offset Pitts's recovery against that of the Board. That judgment also severed Pitts's claim for attorney's fees under 42 U.S.C. § 1988.

Pitts's severed claim for attorney's fees was tried to the court February 8, 1999. He presented the testimony of his attorney, Carolyn Price, that she expended 1098 hours representing Pitts in the civil rights action and that a reasonable hourly rate for her services was $175. The Board

presented evidence that 125 hours was a reasonable amount of time to work on the case and a reasonable hourly rate for a person of Price's experience was between $100 and $135. The trial court rendered judgment March 5, 1999, awarding Pitts $30,000 in attorney's fees incurred in prosecuting his Section 1983 suit. The judgment also awarded $5,000 for an appeal to the Court of Appeals, $2,500 in the event a petition for discretionary review was filed, and an additional $1,500 in the event the petition was granted. Pitts requested findings of fact and conclusions of law on March 10. He then filed a motion for new trial and notice of past due findings of fact and conclusions of law on April 5. On April 8, the trial court signed findings of fact and conclusions of law proposed by the Board. Pitts now challenges the trial court's award of attorney's fees in five points of asserted error.

Pitts's first assignment of error broadly alleges the trial court failed to analyze his attorney's fee application in accordance with applicable law. He presents three arguments in support of this point. The first argument challenges the legal and factual sufficiency of the evidence supporting certain findings of fact and errors in the court's conclusions of law. The second assigns error to the court's failure to make particular findings, and the third argument is a challenge to the trial court's failure to award attorney's fees and other costs to Pitts incurred in the Section 1988 action.

 Findings of fact entered in a case tried to the bench have the same force and dignity as a jury's answers to jury questions. *In re P.R.*, 994 S.W.2d 411, 415 (Tex.App.—Fort Worth 1999, pet. dism'd w.o.j.). A trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury's finding. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). In reviewing a no-evidence point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex.1990). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge must fail. *Id.* In considering a factual sufficiency point, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). We are not so bound by the trial court's conclusions of law, and review those conclusions de novo in order to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *reversed on other grounds, Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 894 (Tex.1991).

The parties agree that the determination of attorney's fees in a case of this type must be made in accordance with the 12 factors set out by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). They are: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill required to perform the legal service properly; 4) the preclusion of other employment due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

The trial court's findings of fact were specifically directed to these factors. Addressing each factor in turn, those findings were: 1) The time and labor required: The trial court found Pitts's attorney Price did not keep contemporaneous time records while working on the Section 1983 case but reconstructed those records about December 1995, almost two and one half

years after the judgment in that case. 2) The novelty and difficulty of the questions involved: The court found the issue involved the right of an employee to a bail bond identification card. It did not characterize that issue as novel or difficult. 3) The skill required to perform the legal service properly: The court found Price had handled one other Section 1983 case, pro se. 4) The preclusion of other employment due to acceptance of the case: Price was corporate counsel for BailAmerica from 1990 to 1993 and had not identified any other work she had refused due to her representation of Pitts. 5) The customary fee: The court's finding only noted that Price sought $175 per hour, although she had never billed this rate to any client. 6) Whether the fee is fixed or contingent: The court found the fee was fixed in that Price was a full time employee "for Pitts' company BailAmerica" and that she had no written fee agreement with Pitts. 7) Time limitations imposed by the client or circumstances: The court found there were no time limitations. 8) The amount involved and the results obtained: The court found Pitts was the prevailing party in the Section 1983 lawsuit. 9) The experience, reputation, and ability of the attorneys was not separately addressed in the findings of fact, but is arguably covered by the court's finding that Price had only prosecuted one other Section 1983 claim. 10) The undesirability of the case: The court found there was no evidence that the case was undesirable. 11) The nature and length of the professional relationship with the client: The court found Price was an employee of Pitts for almost nine years and had been corporate counsel at the rate of $2,500 per month. 12) Awards in similar cases: There was no evidence of awards in similar cases.

The specific findings of fact and conclusions of law challenged by Pitts as incorrect are that: 1) "plaintiff" was a solo practitioner when he actually worked for a bail bonding company named BailAmerica; 2) the Section 1983 action was "by" Pitts's attorney Price, when she was not a party

to the Section 1983 suit or the severed claim for attorney's fees; 3) an award of $30,000 "to Price" for attorney's fees was reasonable, when the award of attorney's fees was actually to Pitts and not directly to Price; 4) the findings misstated the prior business relationship between Pitts, Price, and BailAmerica; and 5) the characterization of BailAmerica as "Pitts' " company was not supported by the record. Pitts concludes that the "nature of the errors show that the trial court did not read the findings prior to signing them, did not know the facts of the underlying case, or did not know the law applicable to § 1988 fee applications."

 Pitts's conclusion notwithstanding, his brief fails to explain how any of these factual findings caused error in the trial court's judgment. It is fundamental that a judgment may not be reversed on appeal unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. Tex.R. Civ.App. 44.1(a). Assuming, without deciding, that Pitts is correct and the challenged statements are not supported by legally or factually sufficient evidence, he has failed to show the errors probably resulted in an improper judgment or prevented presentation of this appeal.

 Pitts's second argument in support of his first point is that the trial court erred in failing to state a specific number of hours and the hourly rate for which compensation was awarded. In that argument, Pitts cites *Von Clark v. Butler,* 916 F.2d 255, 258 (5th Cir.1990). *Von Clark* does not support the inflexible rule urged by Pitts. *Von Clark* recited the appropriate process for determining an award of attorney's fees. That process involves the trial court "1) ascertain[ing] the nature and extent of the services supplied by the attorney, 2) determine the value of the services according to the customary fee and quality of the legal work," and 3) adjust the fee determined in the first two

steps, based on the other factors set out in *Johnson.* *Von Clark,* 916 F.2d. at 258. The "nature and extent of the services" is typically expressed in terms of the number of hours worked and the "value of the services" as an hourly rate. Opinions discussing this issue often refer to the product of multiplying the number of hours worked by the appropriate hourly rate as the "lodestar." *See, e.g., Von Clark,* 916 F.2d. at 258.

 In explication of this process the court wrote, " 'to avoid the risk of remand the district court should explain with a reasonable degree of specificity the findings and reasons upon which the award is based,' including an indication of how the *Johnson* factors were applied." *Von Clark,* 916 F.2d at 258 (quoting *Copper Liquor Inc. v. Adolph Coors Co.,* 684 F.2d 1087 (5th Cir.1982)). After commenting that the trial court did not follow a rigid step-by-step analysis of the *Johnson* factors, the *Von Clark* court affirmed the trial court's judgment. 916 F.2d at 260. It is clear from *Von Clark, Johnson,* and *Copper Liquor* that the trial court must make some determination of the extent of the services and the value of those services. However, they do not establish Pitts's conclusion that those determinations must be expressed empirically in the court's findings of fact. The fact that the fees awarded were within the range supported by the evidence leads us to the conclusion that the trial court did not abuse its discretion.

Pitts's third argument in support of his first point assigns error to the trial court's failure to award costs to him as "a prevailing party" in the Section 1988 suit. Because the record does not directly show that Pitts's petition sought recovery of attorney's fees and costs incurred in prosecuting the Section 1988 suit, addressing this point requires a brief discussion of the state of the record. Pitts's original designation of the record sought inclusion of "the entire contents of the court's file" in both the Section 1983 action and the Section 1988 action. The district clerk appar-

ently found this designation unacceptable, thus leading to a second designation filed July 29, 1999, seeking inclusion of 32 items from the Section 1983 action, 26 items from the Section 1988 action, and "any other items required by law to be included." The pleadings were not specifically listed for inclusion in the clerk's record and were not included. Rule 34.5 of the Rules of Appellate Procedure provides that the record *must* include copies of the live pleadings, in addition to the items designated by the parties, *unless* the parties designate the record by agreement pursuant to Rule 34.2. Rule 34.2 provides the parties may agree on the contents of the appellate record by written stipulation filed with the trial court clerk. The resulting record will be presumed to contain all evidence and filings relevant to the appeal. Tex.R.App. P. 34.2.

Here, the parties filed a document entitled "Agreed Stipulation Regarding Record." However, this document was filed with this court on August 2, 1999, rather than with the trial clerk as required by Rule 34.2. This document lists 11 pages of items the parties have agreed are "unnecessary" to the resolution of this appeal. Because agreements between the parties should be given effect whenever possible, *Johnson v. Swain,* 787 S.W.2d 36, 38 (Tex. 1989), we treat the parties' stipulation as to the record as effective in spite of the filing defect. Consequently, we presume Pitts's petition would support an award of attorney's fees and costs in the Section 1988 action. *See* Tex.R. Civ. P. 301 (requiring judgment to conform to, *inter alia,* the pleadings). Pitts did object to the court's failure to award attorney's fees and costs in a motion for new trial filed in the Section 1988 action.

 It is clear from the wording of the trial court's judgment in the Section 1988 case that the award of $30,000 was "for prosecution of his claims in *Pitts v. Dallas County Bail Bond Board,* trial court No. 90–10765–F" (the Section 1983 action) and the appeal of that cause. None of the trial

court's findings of fact or conclusions of law addressed Pitts's claim for attorney's fees and costs in the Section 1988 action. Pitts places great emphasis on the fact that the Board did not contest the evidence concerning fees incurred in prosecuting the Section 1988 claim; however, an opposing party's failure to challenge an award of fees and other costs does not establish a party's right to a recovery of that type. It is Pitts's burden to show the trial court was obligated by the law and the facts to award such costs. This he has failed to do.

▉▉▉▉ Our analysis begins with the rule that a court may not award attorney's fees and costs without specific statutory authority. *El Paso Elec. Co. v. Texas Dept. of Ins.*, 937 S.W.2d 432, 443 (Tex. 1996). Federal law also requires a party seeking attorney's fees to specify "the statute, rule, or other grounds" showing their entitlement to attorney's fees. *See* Fed. R.Civ.P. 54(b). Pitts's claim may be based on the belief that Section 1988 itself provides the necessary authority. The plain reading of the statute does not compel that result. Section 1988 provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, [ ] 20 U.S.C. 1681 *et seq.* [ ]42 U.S.C.2000bb *et seq.* [ ] 42 U.S.C.2000d *et seq.*, or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . . .

42 U.S.C. 1988. The omission of Section 1988 from the list of statutes for which attorney's fees may be recovered suggests that this statute does not abrogate the general rule. Pitts cites several cases[1] he argues show his entitlement to recover attorney's fees and other costs in the Section 1988 action. None of these cases,

however, concerned the issue before us. Most involved a civil rights plaintiff's right to recover attorney's fees incurred while prosecuting their civil rights claim, not fees incurred in a proceeding under Section 1988. Pitts has failed to show the trial court erred in not awarding attorney's fees and other costs incurred in the Section 1988 action.

In Pitts's second and third points, he alleges the trial court erred by failing to determine the reasonable number of hours (point 2) and the reasonable market rate for the attorney's services (point 3). Pitts's argument in support of his second point contains an extensive discussion of the services performed by his attorney and the adequacy of the attorney's documentation of the hours expended. He challenges the trial court's finding that Price's time records were not created contemporaneously when the services were rendered and cites a footnote in *Webb v. Board of Education of Dyer Co.*, 471 U.S. 234, 238 n. 6, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), for the proposition that the use of reconstructed records are "not prohibited." That discussion is not relevant to the subject of Pitts's point, which is whether the trial court erred in failing to determine a specific number of hours that was reasonable.

▉▉▉ The record contains conflicting evidence the trial court could have considered in determining the nature and extent of the services performed by Price. First, the record reflects a significant dispute over the reliability of Price's time records. Although she admitted they were not assembled into a bill until 1995, Price testified that she had some form of contemporaneous documentation supporting about 85 percent of the time claimed. The Board challenged the reliability of these records. As the finder of fact, it was within the trial court's prerogative to determine the reliability of this evidence.

---

1. Pitts cites: *Flight Attendants v. Zipes*, 491 U.S. 754, 758, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989); *Cunningham v. City of McKeesport* 807 F.2d 49 (3rd Cir.1986); *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir.1985); *Jordan v. U.S. Department of Justice*, 691 F.2d 514 (D.C.Cir.1982); *Williams v. Miller*, 620 F.2d 199 (8th Cir.1980).

*Medlin v. Medlin,* 830 S.W.2d 353, 354–55 (Tex.App.—Amarillo 1992, writ denied); *see also LULAC v. Roscoe ISD,* 119 F.3d 1228, 1233 (5th Cir.1997) (holding court may reduce or eliminate hours for which documentation is vague or incomplete). The trial court also found some of the work performed was clerical, which was not entitled to compensation at the rate for an attorney. Moreover, the Board presented testimony that a reasonable number of hours to spend on an action of this type was 125. Dividing the total award by the range of hourly rates supported by the evidence ($100—$175) leads to the conclusion that the trial court has determined the number of hours reasonably expended was between 171 and 300. This entire range is within the range supported by the evidence. Moreover, the trial court's findings of fact specifically addressed, however briefly, the 12 factors discussed in *Johnson.* The trial court's failure to expressly state the number of hours it found reasonably necessary does not establish that no such determination was made. We overrule Pitts's second point.

■ Pitts's third point assigns error to the trial court's "fail[ure] to determine a reasonable market rate." His argument in support of this point contains an extensive discussion of the evidence concerning the reasonableness of the hourly rate. However, as with his second point, these arguments do not support his point of error. Pitts has not shown that the trial court failed to determine the applicable hourly rate for Price's services, only that it did not express that determination. As mentioned previously, the fees awarded are consistent with a determination by the trial court of a reasonable hourly rate for Price's services within the range supported by the evidence ($100/hr—$175/hr). Pitts has failed to establish that the trial court did not determine the reasonable market rate for the services performed or that the failure to express the rate determined was error. We overrule his third point of error.

In his fourth point, Pitts advances a general challenge to the amount of attorney's fees awarded. Citing Justice Rehnquist's dissenting opinion in *Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), that the most critical factor in the determination of fee awards is the success obtained, Pitts places great emphasis on that portion of the judgment in the Section 1983 action awarding him "more than half a million dollars." His argument then recites that Pitts obtained $519 for each hour Price worked on the case and describes his request for an additional $191,000 in attorney's fees as "roughly 33% of the actual damages awarded to Pitts."

■ Nowhere in Pitts's argument in support of this point does he mention the fact that the judgment in his favor was entirely offset, to the penny, by a judgment in favor of the Board. It is clear from the record that the trial court determined an appropriate sanction for the Board's conduct in denying Pitts's license was to wipe out Pitts's debts to the Board. This record suggests there was little to no evidence of economic damages to Pitts. It also supports the conclusion that the Board's claims against Pitts had significantly less value than $570,000 because Pitts's assets were insufficient to pay a judgment of that amount. We find these facts significant in weighing the success obtained by Pitts. While it is clear that Pitts obtained a benefit from Price's representation, we must also consider the entire judgment in context. So viewed, we cannot say the trial court's award was so against the weight of the evidence as to amount to an abuse of discretion. We overrule Pitts's fourth point.

■ Pitts's fifth point challenges the adequacy of the trial court's award of attorney's fees for appeal of the Section 1983 action. The three-sentence argument in support of this point is that it was error for the trial court to award less than the amount stated in the uncontroverted testi-

mony of Pitts's expert, Ruth Kollman. This expert testified that a reasonable fee for prosecuting or defending an appeal to the court of appeals would be $20,000, $10,000 for preparing or responding to a petition for review in the Texas Supreme Court and an additional $5,000 if the petition were granted.

The record does not support Pitts's assertion that his expert's testimony concerning attorney's fees on appeal was uncontroverted. The record also contains the testimony of Marc Richman on the issue of attorney's fees. Richman testified that 50 hours would be a reasonable time to spend on an appeal of the Section 1983 case. This testimony, together with Richman's testimony that a reasonable hourly rate for Price's services would range from $100 to $135 per hour, supports the award of $5,000 for appeal to this court, $2,500 in the event a petition for review is filed in the Texas Supreme Court and an additional $1,500 if such petition is granted. We overrule Pitts's fifth point.

Finding no reversible error in the judgment of the court below, we affirm that judgment.

### ON MOTION FOR REHEARING

Appellant Terrence J. Pitts moves for rehearing challenging our original disposition in five points of error. These points assign error to 1) our failure to award him costs, 2) affirming the denial of attorney's fees in his section 1988 suit, 3) holding that the trial court need not state a specific number of hours and hourly rate on which an award of attorney's fees is based, 4) refusing to find error in the trial court's judgment, and 5) failing to address his arguments on "reasonableness." We sustain Pitts's first two points and overrule the remaining points.

Pitts's first point assigns error to our failure to award him costs in the section 1988 action. He now cites Rule 131 of the Rules of Civil Procedure arguing that an award of costs is mandatory to him as the "successful party" in the Section 1988 suit.

We agree that Rule 131 is applicable, but disagree with Pitts's position on the scope of costs.

In support of his claim for costs, Pitts's original brief cited an affidavit of his attorney, which included a list of "costs" for which he sought recovery. This list, which totals $2,163.80, includes items such as postage, parking, and photocopy expenses. Costs, within the meaning of Rules 125 through 149 of the Rules of Civil Procedure, are those items in the clerk's bill of costs. In response to a request for an award of costs, the court's role is to determine which party or parties is to bear the costs of court, not to adjudicate the correctness of specific items. *Operation Rescue–National v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 937 S.W.2d 60, 87 (Tex.App.—Houston [14th Dist.] 1996), *modified in Operation Rescue*, 975 S.W.2d 546 (Tex.1998); *Reaugh v. McCollum Exploration Co.*, 140 Tex. 322, 167 S.W.2d 727, 728 (1943). The inclusion of specific items taxed as costs is a ministerial duty performed by the clerk. *Reaugh*, 167 S.W.2d at 728. Correction of errors in specific items of costs is sought by a motion to retax costs. *Id.*

Although the allocation of costs is a matter for the trial court's discretion, and cannot be overturned on appeal unless the trial court abused its discretion, an abuse of discretion is shown when costs are not allocated according to the provisions of Rule 131, unless it makes a finding of good cause. *University of Houston–Clear Lake v. Marsh*, 981 S.W.2d 912, 914 (Tex.App.—Houston [1st Dist.] 1998, no pet.). Because Pitts was successful in his claim for attorney's fees incurred in bringing the Section 1983 suit, and the trial court did not make any finding relating to good cause, he was entitled to recover court costs under Rule 131. We sustain his first point on rehearing and modify the judgment of the trial court to award costs to him, as determined by the trial court's bill of costs.

In his second point, Pitts argues we erred in failing to reverse the trial court's denial of attorney's fees in the Section 1988 suit. He contends we did so without requiring evidence from the Board, without citing any authority and without addressing *Cruz v. Hauck*, 762 F.2d 1230 (5th Cir.1985). An examination of our original opinion will reveal that we accepted Pitts's uncontested evidence of attorney's fees in the 1988 action as true, but found he had failed to show the law required the trial court to award those fees. We specifically found each of the cases cited by Pitts, listed in footnote 1 of that opinion, distinguishable.

In each case cited by Pitts, the plaintiffs sought to recover attorney's fees expended to establish their right to attorney's fees in prosecuting a civil rights claim enumerated by Section 1988. That is the same recovery Pitts seeks here. The distinction was that each of those cases, and authority they relied upon, like *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and *Kirchberg v. Feenstra*, 708 F.2d 991 (5th Cir.1983), was that the request to establish attorney's fees was presented in the underlying civil rights claim, not as a separate cause of action. In our original opinion, we examined the plain language of Section 1988 and found that it did not authorize an award of attorney's fees in a suit brought independently under that section.

Although Pitts's claim for attorney's fees was tried separately, the record shows that the claim was originally asserted in the section 1983 suit and severed by the trial court. It is not apparent from the record whether one of the parties or the trial court sought the severance. Because the claim for attorney's fees was asserted in the original section 1983 suit, and subsequently severed, the case is more similar to *Cruz, Newman*, and other cases cited relied on by Pitts than an action filed solely to vindicate the rights granted by section 1988.

On rehearing, Pitts cites additional cases for the proposition that the failure to award attorney's fees for time spent in obtaining or defending a fee award is error. They are *Johnson v. State of Mississippi*, 606 F.2d 635 (5th Cir.1979); *Ustrak v. Fairman*, 851 F.2d 983 (7th Cir.1988); and *Clark v. City of Los Angeles*, 803 F.2d 987 (9th Cir.1986). Pitts suggests that our application of section 1988 is inconsistent with "every other court" that has considered the issue. Citing *Clark*, 803 F.2d at 992. *Clark* relied on the bankruptcy case of *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985), which relied, in turn, on several federal district and circuit court opinions applying section 1988. These cases do not discuss the distinction relied on in our original disposition. They do show federal courts' construction of section 1988 has placed greater emphasis on giving effect to its underlying purpose than to strict adherence to the language chosen by congress. This is clear from the failure of these cases to explain why the word "may" in section 1988 is not given its permissive, rather than mandatory, construction.

Although we are construing a federal statute, we are not bound by the decisions of lower federal courts. *Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas*, 128 Tex. 560, 99 S.W.2d 263, 268 (1936); *Woodard v. Texas Dept. of Human Resources*, 573 S.W.2d 596, 598 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); *Barstow v. State*, 742 S.W.2d 495, 510 (Tex.App.—Austin 1987, writ denied). We are obligated to follow decisions of the United States Supreme Court on questions of federal law. *Southwestern Greyhound*, 99 S.W.2d at 268.

When construing a statute, Texas courts have long adhered to the distinction between permissive terms such as "may" and mandatory terms such as "shall." *See, e.g., Inwood Homeowners Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 743 (Tex.App.— Houston 1981, no writ). *See also* Tex.

Govt.Code Ann. § 311.016 (Vernon 1998). We are not free to rewrite the statutes created by the legislative branch of government. *Public Utility Com'n of Texas v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988).

Pitts has not cited, and we have not found, an opinion of the United States Supreme Court directly addressing the right to attorney's fees for seeking fees under section 1988. That court's opinion in *Newman,* concerning a plaintiff's right to attorney's fees under 42 U.S.C. 2000a–3(b) is helpful. That statute was very similar to the language of section 1988 in that it provided a court "may" award attorney's fees and committed such award to the discretion of the trial court. *Id.* The court held that a party should ordinarily recover such fees unless there are special circumstances to deny the award. *Id.* at 402. Several of the cases from lower federal courts have cited *Newman* in construing section 1988. Because of the similarity in language between that construed in *Newman* and section 1988, we agree that the cases cited by Pitts are applicable. We also agree that the record does not show any special circumstances supporting the denial. We sustain Pitts's second point.

■ In his third point, Pitts challenges our holding that the trial court did not reversibly err in failing to state a specific number of hours and hourly rate on which the award of attorney's fees was based. He cites *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768 (Tex.1989), for the proposition that the trial court "was required to make these findings." *Cherne* actually held that a trial court's refusal to make *any* findings of fact or conclusions of law after proper request is error. *Id.* at 772. Here, the trial court filed findings of fact and conclusions of law, just not the ones Pitts wanted. We reject Pitts's claim that we improperly found by implication the "elements" of the reasonable hours and hourly rate. The hours reasonably expended and the attorney's hourly rate are not elements of a claim or defense, they are simply factors the trial court must consider in determining a "reasonable attorney's fee." 42 U.S.C. § 1988. We overrule Pitts's third point.

Pitts's fourth point merely urges we failed to properly consider his challenges to the trial court's findings of fact and conclusions of law. We disagree and overrule his fourth point.

■ Pitts's final point contends we erred by failing to address his "arguments on reasonableness." He argues that this court failed to address the reasonableness of the fees awarded in light of the result obtained. According to Pitts, we misrepresented the extent of his success in the section 1983 suit by stating the trial court's judgment in that action also awarded the Board $570,123.81 and offset that award with an award in favor of Pitts. He now represents that the Board's judgment against him predated the judgment in the section 1983 suit. While we believe any confusion arose from Pitts's failure to even acknowledge the existence of the Board's judgment or the offset in his original brief, it is of no consequence whether the Board's judgment was obtained in the section 1983 suit or was preexisting. The record shows the Board's judgment was worth significantly less than its face value because Pitts did not have sufficient assets to satisfy it. It is clear the trial court chose that specific amount for the purpose of offsetting the Board's judgment and not to compensate Pitts for actual damages. While this judgment was of significant value to Pitts, his contention that it had the same value as a money judgment for $570,000, free of any offset, is disingenuous. We overrule Pitts's fifth point on rehearing.

In conformity with our disposition of his first two points, we grant appellant's motion for rehearing to the extent that we reverse that portion of the trial court's judgment denying Pitts recovery of costs and denying recovery for attorney's fees in establishing his right to attorney's fees

under section 1988. We remand that portion to the trial court for a determination of those attorney's fees The remainder of the trial court's judgment is affirmed.