Barbara WRIGHT, Appellant,

v.

Guillermo PINO, M.D., Michael Sheen, M.D., and James Douglas Hodde, M.D., Appellees.

No. 2–03–331–CV.

Court of Appeals of Texas, Fort Worth.

April 14, 2005.

M. Kevin Queenan, Britta J. Gordon, DeSoto, for Appellant.

Chamblee & Ryan, P.C., M. Todd Allen, Dallas, for Appellee Pino.

Diane K. Shaw, Dallas, for Appellee Hodde.

PANEL B: LIVINGSTON, HOLMAN, and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Barbara Wright was injured in an automobile accident and sought medical treatment for her injuries from appellees, among others. On June 23, 2003 the trial court granted appellee James Douglas Hodde, M.D.'s motion to dismiss appellant's claims against him based upon insufficiencies in her article 4590i medical expert report.[1] Both before and after dismissal, Hodde requested the trial court to grant him an award of attorney's fees in accordance with article 4590i, section 13.01(a).[2] On August 21, 2003 the trial court granted Hodde attorney's fees of $10,730.62. The remainder of appellant's

---

1. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(r)(6), 1995 Tex. Gen. Laws 985, 987 (repealed 2003) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6) (Vernon Supp.2004–05)).

2. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(a), 1995 Tex. Gen. Laws 985, 985 (repealed 2003) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2004–05)).

claims against appellees Guillermo Pino, M.D. and Michael Sheen, M.D. proceeded to a jury trial in which the jury found against appellant. However, the trial court awarded Pino $5,074.39 in court costs in accordance with rule of procedure 131 and statutory authority.[3]

In this appeal appellant challenges the attorney's fees awarded to Hodde and the costs awarded to Pino. Appellant makes no challenges to the judgment against her in Sheen's favor. We reverse the award of attorney's fees to Hodde and render judgment that Hodde take nothing on his attorney's fees claim, we modify the costs award to Pino, and affirm the judgment as modified.

### Issues on Appeal

In her first point appellant claims the trial court erred in awarding some of the costs against her in Pino's favor because she claims they are not taxable costs. In her second point she contends the trial court erred in awarding Hodde attorney's fees in a suit to which he was no longer a party at the time of the award. In her third point appellant also asserts a no-evidence challenge to the attorney's fees awarded to Hodde.

### Challenge to Taxable Costs Awarded to Pino

■ In appellant's first point she challenges the award of taxable court costs to Pino. Appellant claims several cost items were awarded to Pino that are not authorized as costs. In connection with those costs, appellant quite simply points to particular items that are not technically taxable costs as defined under the rules of procedure or the civil practices and remedies code. *See* TEX. CIV. PRAC. & REM.CODE

ANN. § 31.007(b); TEX.R. CIV. P. 131. Appellant claims the trial court abused its discretion in awarding some of these costs.

■ A successful party is entitled to recover from its adversary all of its taxable costs incurred in the prosecution or defense of the suit. TEX.R. CIV. P. 131. Under the civil practice and remedies code a party may recover fees of the clerk and services fees due to the court, court reporter fees for the original of stenographic transcripts, and such other costs and fees permitted to be awarded by other rules and statutes. TEX. CIV. PRAC. & REM.CODE ANN. § 31.007(b). Pino concedes that $225.71 was incorrectly awarded to him but contends the remaining costs were proper.

> Costs, within the meaning of Rules 125 through 149 of the Rules of Civil Procedure, are those items in the clerk's bill of costs. In response to a request for an award of costs, the court's role is to determine which party or parties is to bear the costs of court, not to adjudicate the correctness of specific items. The inclusion of specific items taxed as costs is a ministerial duty performed by the clerk. Correction of errors in specific items of costs is *sought by a motion to retax costs.*

*Pitts v. Dallas County Bail Bond Bd.*, 23 S.W.3d 407, 417 (Tex.App.-Amarillo 2000, pet. denied) (op. on reh'g) (citations omitted) (emphasis added), *cert. denied,* 531 U.S. 1151, 121 S.Ct. 1094, 148 L.Ed.2d 967 (2001).

■ In order to preserve a complaint on appeal, one must preserve the error by bringing it to the trial court's attention, or it is waived. TEX.R.APP. P. 33.1(a); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991)

---

**3.** *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b) (Vernon 1997); TEX. R. CIV. P. 131.

(op. on reh'g). And under *Pitts* we know that errors in specific items should be corrected by a motion to retax costs. *Pitts*, 23 S.W.3d at 417. Because appellant filed no motion to modify or retax those costs, she cannot complain for the first time on appeal that the court erred in awarding some of those costs. However, because appellee Pino agrees that the award for costs erroneously included $225.71 in charges, we modify the award of taxable costs by that amount to a total of $4,848.68. Otherwise, appellant's first point is overruled.

Appellant has also filed a motion to strike in connection with assertions made by appellee Pino in his brief that are unsupported by the record as well as to strike evidence Pino has attempted to file or add to the appellate record in this court. While that motion raises important concerns regarding briefing and what constitutes the appellate record, our disposition of appellant's point regarding costs awarded to Pino makes the motion moot. Appellant's motion to strike is therefore denied as moot.

### Attorney's Fee Award in Hodde's Favor

■ In appellant's second point, she claims that appellee Hodde was not entitled to an award for attorney's fees because his motion was filed under the *wrong* cause number. Appellant argues that because the original summary judgment granted in Hodde's favor was severed from this action and became final and appealable, and because her claim against Hodde was never reconsolidated with the remaining cause number after remand, Hodde is precluded from recovering his attorney's fees.

In June 1999 the trial court granted appellee Hodde a motion to sever the cause of action against him from the remaining claims once he received a favorable summary judgment. The case against Hodde was given a new cause number, 149–833–B1. In an appeal of the judgment in favor of appellee Hodde only, this court reversed that summary judgment and remanded the cause to the trial court. *Wright v. Hodde*, No. 02–99–00225–CV (Tex.App.-Fort Worth May 18, 2000, no pet.) (not designated for publication). After appellant's claims against Hodde were once again denied, Hodde sought and obtained a judgment against appellant for $10,730.62 in attorney's fees under article 4590i. Appellant claims Hodde never reconsolidated her case against him (149–833–B1) with the underlying litigation in this cause number against the remaining other defendants (149–833–B) after the remand.

A review of the clerk's record, however, shows that Hodde's motion for attorney's fees, his amended motion for attorney's fees, and his motion to dismiss were all filed under cause number 149–833–B, the present trial court cause number. Further, the trial court's order granting Hodde a dismissal as well as its subsequent order granting him attorney's fees were all signed and entered under cause number 149–833–B. Thus, the record before us is not as represented in appellant's brief and shows that all of Hodde's motions were filed in the present cause and that all the trial court orders on Hodde's dismissal and attorney's fees after remand were signed in this cause number. Further, the record does not disclose nor does appellant claim that she ever objected to Hodde's filing of his motion to dismiss, his motion for attorney's fees, or his amended motion for attorney's fees in *this* cause number.

The only complaint appellant made at the hearing on Hodde's motion for attorney's fees was that Hodde was not a party to the pending case and that case had already been dismissed and was therefore

final. In other words, appellant complained of two things: that the trial court had no jurisdiction to hear Hodde's claim for attorney's fees in cause number 149–833–B because he was no longer in the pending suit and that because the suit against Hodde was final his request for attorney's fees was too late because the trial court's plenary jurisdiction had expired. However, appellant mistakenly assumed the dismissal and the pending attorney's fees motions were filed under a different cause number when they were all actually filed and granted in the same cause number, cause number 149–833–B, the cause pending before the trial court and now here on appeal.

As discussed above, in order to preserve a complaint on appeal, one must preserve the error by bringing it to the trial court's attention, or it is waived. Tex.R.App. P. 33.1(a); *Bushell*, 803 S.W.2d at 712. Appellant never objected that the dismissal motion or the motion for attorney's fees were filed in the wrong cause number. She complained that appellee Hodde was no longer a party to the pending action. She never complained of his right to file either motion in *this* cause number. Thus, any objection to the award of attorney's fees because it was filed in the wrong case was waived by appellant.[4]

■ Additionally, appellant's complaint about the trial court's granting the attorney's fees award beyond its plenary jurisdiction is not supported by the record. The record shows Hodde's dismissal was orally granted on March 11, 2003, but the order granting it was not signed until June 23, 2003. Hodde filed his motion for attorney's fees before the dismissal order was signed. Hodde filed his original motion

for attorney's fees on June 9, 2003, and his amended motion for attorney's fees on July 22, 2003. The trial court heard and granted the amended motion for attorney's fees on August 21, 2003.

■ A trial court's plenary jurisdiction extends until thirty days after a judgment is signed. Tex.R. Civ. P. 329b(d). Within that time period a court may vacate, modify, correct, or reform its judgment. *Id.*

> The date [a] judgment or order is *signed* as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial … but this rule shall not determine what constitutes rendition of a judgment or order for any other purpose.

Tex.R. Civ. P. 306a(1) (emphasis added); *Coinmach, Inc. v. Aspenwood Apt. Corp.*, 98 S.W.3d 377, 379 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Since the Hodde dismissal was granted under cause number 149–833–B, the dismissal as to Hodde was a mere interlocutory judgment. A judgment is final when "it actually disposes of every pending claim and party or … it clearly and unequivocally states that it finally disposes of all claims and all parties." *Panatrol Corp. v. Emerson Elec. Co.*, 147 S.W.3d 518, 520–21 (Tex.App.-San Antonio 2004, no pet.) (op. on reh'g) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001)). Until the claims against the remaining defendants were resolved, it remained an interlocutory judgment and was therefore not final and could have been modified until the remaining claims had been litigated. Because the judgment as to the remaining defendants was not signed until October 10, 2003 the trial

---

4. Although appellant characterizes her complaint as one of subject matter jurisdiction, which may be brought for the first time on appeal, it is in reality a procedural complaint, which is subject to waiver. The trial court clearly had jurisdiction over the subject matter of Hodde's claim as it could have been filed in the original suit before it was severed.

court had jurisdiction to sign the Hodde attorney fee award on August 21, 2003. Appellant's second point is overruled.

In appellant's third point, she challenges the sufficiency of the evidence to support the award of attorney's fees to Hodde. She contends Hodde failed to present evidence of several elements necessary to support an award of attorney's fees. Citing the *Arthur Andersen* opinion, she contends there is no evidence to support a showing of the experience, reputation, and ability of counsel; the nature and extent of the relationship with the client; the nature and extent of the legal services provided; the novelty and difficulty of the questions presented; and the time limitations involved. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex.1997). Further, she contends that there was no evidence showing that the rates Hodde was charged were reasonable and customary for Wichita County.

A no-evidence point may be sustained when the record discloses a complete absence of evidence of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998), *cert. denied*, 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). Further, when we sustain a no-evidence point it is our duty to render the judgment the trial court should have rendered. *See* Tex.R.App. P. 43.3; *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176 (Tex.1986); *Atlas Copco Tools, Inc. v. Air Power Tool & Hoist, Inc.*, 131 S.W.3d 203, 209 (Tex.App.-Fort Worth, 2004, pet. denied).

The only evidence in support of the attorney's fees award mentioned in the entire appellate record is an affidavit that Hodde's counsel references in the hearing on attorney's fees and that is listed in appellant's designation of items to be included in the clerk's record.[5] However, that affidavit was not attached to Hodde's amended motion and was never offered into evidence. Therefore, there is no evidence in the record to support the award, and appellant's third point is sustained.

### Conclusion

As modified to $4,848.68, the award of taxable costs to Pino is affirmed. We reverse the award of attorney's fees to Hodde and render a take-nothing judgment in favor of appellant on Hodde's claim for attorney's fees. In all other respects, the judgment in appellees' favor is affirmed.

---

5. We have reviewed the entire appellate record and have not located this affidavit. Additionally, our clerk's office confirmed with the trial court clerk that there is no such affidavit in the appellate record.