COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-331-CV
 
 
BARBARA 
WRIGHT                                                                APPELLANT
 
V.
 
GUILLERMO 
PINO, M.D.,                                                         APPELLEES
MICHAEL 
SHEEN, M.D., AND
JAMES 
DOUGLAS HODDE, M.D.
 
 
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Barbara Wright was injured in an automobile accident and sought medical 
treatment for her injuries from appellees, among others. On June 23, 2003 the 
trial court granted appellee James Douglas Hodde, M.D.’s motion to dismiss 
appellant’s claims against him based upon insufficiencies in her article 4590i 
medical expert report.[1]  Both before and after 
dismissal, Hodde requested the trial court to grant him an award of attorney’s 
fees in accordance with article 4590i, section 13.01(a).[2]  
On August 21, 2003 the trial court granted Hodde attorney’s fees of 
$10,730.62. The remainder of appellant’s claims against appellees Guillermo 
Pino, M.D. and Michael Sheen, M.D. proceeded to a jury trial in which the jury 
found against appellant.  However, the trial court awarded Pino $5,074.39 
in court costs in accordance with rule of procedure 131 and statutory authority.[3]
        In 
this appeal appellant challenges the attorney’s fees awarded to Hodde and the 
costs awarded to Pino. Appellant makes no challenges to the judgment against her 
in Sheen’s favor.  We reverse the award of attorney’s fees to Hodde and 
render judgment that Hodde take nothing on his attorney’s fees claim, we 
modify the costs award to Pino, and affirm the judgment as modified.
Issues on Appeal
        In 
her first point appellant claims the trial court erred in awarding some of the 
costs against her in Pino’s favor because she claims they are not taxable 
costs.  In her second point she contends the trial court erred in awarding 
Hodde attorney’s fees in a suit to which he was no longer a party at the time 
of the award.  In her third point appellant also asserts a no-evidence 
challenge to the attorney’s fees awarded to Hodde.
Challenge to Taxable Costs Awarded to Pino
        In 
appellant’s first point she challenges the award of taxable court costs to 
Pino.  Appellant claims several cost items were awarded to Pino that are 
not authorized as costs. In connection with those costs, appellant quite simply 
points to particular items that are not technically taxable costs as defined 
under the rules of procedure or the civil practices and remedies code.  See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 31.007(b); Tex. R. Civ. P. 131.  
Appellant claims the trial court abused its discretion in awarding some of these 
costs.
        A 
successful party is entitled to recover from its adversary all of its taxable 
costs incurred in the prosecution or defense of the suit. Tex. R. Civ. P. 131.  Under the 
civil practice and remedies code a party may recover fees of the clerk and 
services fees due to the court, court reporter fees for the original of 
stenographic transcripts, and such other costs and fees permitted to be awarded 
by other rules and statutes.  Tex. 
Civ. Prac. & Rem. Code Ann. § 31.007(b).  Pino concedes that 
$225.71 was incorrectly awarded to him but contends the remaining costs were 
proper.
  
Costs, within the meaning of Rules 125 through 149 of the Rules of Civil 
Procedure, are those items in the clerk's bill of costs. In response to a 
request for an award of costs, the court's role is to determine which party or 
parties is to bear the costs of court, not to adjudicate the correctness of 
specific items.  The inclusion of specific items taxed as costs is a 
ministerial duty performed by the clerk.  Correction of errors in specific 
items of costs is sought by a motion to retax costs.
 
Pitts 
v. Dallas County Bail Bond Bd., 23 S.W.3d 407, 417 (Tex. App.—Amarillo 
2000, pet. denied) (op. on reh’g) (citations omitted) (emphasis added), cert. 
denied, 531 U.S. 1151 (2001).
        In 
order to preserve a complaint on appeal, one must preserve the error by bringing 
it to the trial court’s attention, or it is waived. Tex. R. App. P. 33.1(a); Bushell v. 
Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  And under Pitts 
we know that errors in specific items should be corrected by a motion to retax 
costs.  Pitts, 23 S.W.3d at 417.  Because appellant filed no 
motion to modify or retax those costs, she cannot complain for the first time on 
appeal that the court erred in awarding some of those costs. However, because 
appellee Pino agrees that the award for costs erroneously included $225.71 in 
charges, we modify the award of taxable costs by that amount to a total of 
$4,848.68.  Otherwise, appellant’s first point is overruled.
        Appellant 
has also filed a motion to strike in connection with assertions made by appellee 
Pino in his brief that are unsupported by the record as well as to strike 
evidence Pino has attempted to file or add to the appellate record in this 
court.  While that motion raises important concerns regarding briefing and 
what constitutes the appellate record, our disposition of appellant’s point 
regarding costs awarded to Pino makes the motion moot.  Appellant’s 
motion to strike is therefore denied as moot.
Attorney’s Fee Award in Hodde’s Favor
        In 
appellant’s second point, she claims that appellee Hodde was not entitled to 
an award for attorney’s fees because his motion was filed under the wrong 
cause number. Appellant argues that because the original summary judgment 
granted in Hodde’s favor was severed from this action and became final and 
appealable, and because her claim against Hodde was never reconsolidated with 
the remaining cause number after remand, Hodde is precluded from recovering his 
attorney’s fees.
        In 
June 1999 the trial court granted appellee Hodde a motion to sever the cause of 
action against him from the remaining claims once he received a favorable 
summary judgment.  The case against Hodde was given a new cause number, 
149-833-B1.  In an appeal of the judgment in favor of appellee Hodde only, 
this court reversed that summary judgment and remanded the cause to the trial 
court.  Wright v. Hodde, No. 02-99-00225-CV (Tex. App.—Fort Worth 
May 18, 2000, no pet.) (not designated for publication). After appellant’s 
claims against Hodde were once again denied, Hodde sought and obtained a 
judgment against appellant for $10,730.62 in attorney’s fees under article 
4590i.  Appellant claims Hodde never reconsolidated her case against him 
(149-833-B1) with the underlying litigation in this cause number against the 
remaining other defendants (149-833-B) after the remand.
        A 
review of the clerk’s record, however, shows that Hodde’s motion for 
attorney’s fees, his amended motion for attorney’s fees, and his motion to 
dismiss were all filed under cause number 149-833-B, the present trial court 
cause number.  Further, the trial court’s order granting Hodde a 
dismissal as well as its subsequent order granting him attorney’s fees were 
all signed and entered under cause number 149-833-B.  Thus, the record 
before us is not as represented in appellant’s brief and shows that all of 
Hodde’s motions were filed in the present cause and that all the trial court 
orders on Hodde’s dismissal and attorney’s fees after remand were signed in 
this cause number.  Further, the record does not disclose nor does 
appellant claim that she ever objected to Hodde’s filing of his motion to 
dismiss, his motion for attorney’s fees, or his amended motion for 
attorney’s fees in this cause number.
        The 
only complaint appellant made at the hearing on Hodde’s motion for 
attorney’s fees was that Hodde was not a party to the pending case and that 
case had already been dismissed and was therefore final.  In other words, 
appellant complained of two things: that the trial court had no jurisdiction to 
hear Hodde’s claim for attorney’s fees in cause number 149-833-B because he 
was no longer in the pending suit and that because the suit against Hodde was 
final his request for attorney’s fees was too late because the trial court’s 
plenary jurisdiction had expired.  However, appellant mistakenly assumed 
the dismissal and the pending attorney’s fees motions were filed under a 
different cause number when they were all actually filed and granted in the same 
cause number, cause number 149-833-B, the cause pending before the trial court 
and now here on appeal.
        As 
discussed above, in order to preserve a complaint on appeal, one must preserve 
the error by bringing it to the trial court’s attention, or it is waived. Tex. R. App. P. 33.1(a); Bushell, 
803 S.W.2d at 712.  Appellant never objected that the dismissal motion or 
the motion for attorney’s fees were filed in the wrong cause number.  She 
complained that appellee Hodde was no longer a party to the pending action.  
She never complained of his right to file either motion in this cause 
number.  Thus, any objection to the award of attorney’s fees because it 
was filed in the wrong case was waived by appellant.[4]
        Additionally, 
appellant’s complaint about the trial court’s granting the attorney’s fees 
award beyond its plenary jurisdiction is not supported by the record.  The 
record shows Hodde’s dismissal was orally granted on March 11, 2003, but the 
order granting it was not signed until June 23, 2003.  Hodde filed his 
motion for attorney’s fees before the dismissal order was signed.  Hodde 
filed his original motion for attorney’s fees on June 9, 2003, and his amended 
motion for attorney’s fees on July 22, 2003.  The trial court heard and 
granted the amended motion for attorney’s fees on August 21, 2003.
        A 
trial court’s plenary jurisdiction extends until thirty days after a judgment 
is signed.  Tex. R. Civ. P. 
329b(d). Within that time period a court may vacate, modify, correct, or reform 
its judgment.  Id.
  
The date [a] judgment or order is signed as shown of record shall 
determine the beginning of the periods prescribed by these rules for the court's 
plenary power to grant a new trial . . . but this rule shall not determine what 
constitutes rendition of a judgment or order for any other purpose.
 
Tex. R. Civ. P. 306a(1) (emphasis 
added); Coinmach, Inc. v. Aspenwood Apt. Corp., 98 S.W.3d 377, 379 (Tex. 
App.—Houston [1st Dist.] 2003, no pet.).  Since the Hodde dismissal was 
granted under cause number 149-833-B, the dismissal as to Hodde was a mere 
interlocutory judgment.  A judgment is final when "it actually 
disposes of every pending claim and party or . . . it clearly and unequivocally 
states that it finally disposes of all claims and all parties."  Panatrol 
Corp. v. Emerson Elec. Co., 147 S.W.3d 518, 520-21 (Tex. App.—San Antonio 
2004, no pet.) (op. on reh’g) (citing Lehmann v. Har-Con Corp., 39 
S.W.3d 191, 205 (Tex. 2001)).  Until the claims against the remaining 
defendants were resolved, it remained an interlocutory judgment and was 
therefore not final and could have been modified until the remaining claims had 
been litigated.  Because the judgment as to the remaining defendants was 
not signed until October 10, 2003 the trial court had jurisdiction to sign the 
Hodde attorney fee award on August 21, 2003.  Appellant’s second point is 
overruled.
        In 
appellant’s third point, she challenges the sufficiency of the evidence to 
support the award of attorney’s fees to Hodde.  She contends Hodde failed 
to present evidence of several elements necessary to support an award of 
attorney’s fees.  Citing the Arthur Anderson opinion, she contends 
there is no evidence to support a showing of the experience, reputation, and 
ability of counsel; the nature and extent of the relationship with the client; 
the nature and extent of the legal services provided; the novelty and difficulty 
of the questions presented; and the time limitations involved.  See 
Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818-19 
(Tex. 1997).  Further, she contends that there was no evidence showing that 
the rates Hodde was charged were reasonable and customary for Wichita County.
        A 
no-evidence point may be sustained when the record discloses a complete absence 
of evidence of a vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 
S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999).  
Further, when we sustain a no-evidence point it is our duty to render the 
judgment the trial court should have rendered.  See Tex. R. App. P. 43.3; Vista 
Chevrolet, Inc. v. Lewis, 709 S.W.2d 176, 176 (Tex. 1986); Atlas Copco 
Tools, Inc. v. Air Power Tool & Hoist, Inc., 131 S.W.3d 203, 209 (Tex. 
App.—Fort Worth, 2004, pet. denied).
        The 
only evidence in support of the attorney’s fees award mentioned in the entire 
appellate record is an affidavit that Hodde’s counsel references in the 
hearing on attorney's fees and that is listed in appellant’s designation of 
items to be included in the clerk’s record.[5]   
However, that affidavit was not attached to Hodde’s amended motion and was 
never offered into evidence.  Therefore, there is no evidence in the record 
to support the award, and appellant’s third point is sustained.
Conclusion
        As 
modified to $4,848.68, the award of taxable costs to Pino is affirmed.  We 
reverse the award of attorney’s fees to Hodde and render a take-nothing 
judgment in favor of appellant on Hodde’s claim for attorney’s fees.  
In all other respects, the judgment in appellees’ favor is affirmed.
  
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL 
B:   LIVINGSTON, HOLMAN, and WALKER, JJ.
 
DELIVERED: 
April 14, 2005

 
NOTES
1.  
See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(r)(6), 
1995 Tex. Gen. Laws 985, 987 (repealed 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
74.351(r)(6) (Vernon Supp. 2004-05)).
2.  
See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(a), 
1995 Tex. Gen. Laws 985, 985 (repealed 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
74.351(a) (Vernon Supp. 2004-05)).
3.  
See Tex. Civ. Prac. & Rem. 
Code Ann. § 31.007(b) (Vernon 1997); Tex. R. Civ. P. 131.
4.  
Although appellant characterizes her complaint as one of subject matter 
jurisdiction, which may be brought for the first time on appeal, it is in 
reality a procedural complaint, which is subject to waiver.  The trial 
court clearly had jurisdiction over the subject matter of Hodde's claim as it 
could have been filed in the original suit before it was severed.
5. 
We have reviewed the entire appellate record and have not located this 
affidavit. Additionally, our clerk’s office confirmed with the trial court 
clerk that there is no such affidavit in the appellate record.