**PANATROL CORPORATION,**
**Appellant,**

v.

**EMERSON ELECTRIC COMPANY &**
**Willowbrook Foods, Appellees.**

No. 04–03–00547–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 18, 2004.

Sharon E. Callaway, Crofts & Callaway, P.C., San Antonio, Timothy B. Poteet, Amy C. Horowitz, Glenn A. Brown, David E. Chamberlain, Chamberlain McHaney, Austin, for appellant.

Kurt H. Kuhn, Brown McCarroll, L.L.P., Austin, Daniel J. Gunter, James E. Breitenbucher, Patrick D. McVey, Riddell Williams, P.S., Seattle, WA, Peter T. Martin, Jerry D. Mason, Tab H. Keener, Peter T. Martin & Associates, Dallas, Patrick M. Dooley, Dooley, Hoerster & Sione, L.L.P., Fredericksburg, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## ON APPELLANT'S MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC

Opinion by SANDEE BRYAN MARION, Justice.

In an opinion and judgment dated February 11, 2004 we dismissed this appeal for lack of jurisdiction. Appellant, Panatrol Corporation ("Panatrol") filed a motion for rehearing and a motion for rehearing en banc. We grant the motion for rehearing, withdraw our opinion and judgment of February 11, 2004, and issue this opinion and judgment in its place.[1]

This appeal arises from a larger suit filed by plaintiffs, Willowbrook Foods Inc., Promised Land Foods, Inc., and Sunday House Foods, Inc., against several defendants, including Emerson Electric Company ("Emerson") and Farm Credit Leasing ("FCL"). Plaintiffs sued Emerson to hold it liable for the malfunction of a component part of a control panel on a commercial turkey fryer. Emerson subsequently joined Panatrol as a third-party contribution defendant based on its alleged independent fault for plaintiffs' injuries. Panatrol counterclaimed against Emerson for indemnification. Over a period of several months, the trial court signed several orders disposing of certain parties and claims, and severing those parties and claims into a single separate cause number (9472–A). Panatrol appealed a summary judgment rendered against it in favor of Emerson. Subsequently, Emerson filed a motion to dismiss this appeal for lack of jurisdiction on the grounds that Panatrol did not file a timely notice of appeal.

Following are the dates pertinent to the issue of whether Panatrol timely filed its notice of appeal:

---

1. Panatrol's motion for rehearing en banc is denied by separate order of this court.

| DATE | ACTION |
|---|---|
| March 28, 2003 | plaintiffs prematurely filed a motion for reconsideration asserting, in part, that summary judgment on all of their claims against FCL was improper because FCL's motion for summary judgment did not address plaintiffs' strict liability claims |
| March 31, 2003 | trial court rendered a take-nothing summary judgment in favor of Emerson on all of plaintiffs' claims against Emerson |

| | |
|---|---|
| | trial court rendered a take-nothing summary judgment in favor of FCL on all of plaintiffs' claims against FCL |
| | trial court rendered a take-nothing summary judgment in favor of Panatrol on Emerson's contribution claim against Panatrol |
| April 28, 2003 | trial court rendered a take-nothing summary judgment in favor of Emerson on Panatrol's indemnification claim, severed Panatrol's indemnification claim from the main action, and assigned the claim to cause number 9472-A |
| | trial court denied plaintiffs' motion for reconsideration as to the summary judgment in favor of Emerson |
| May 14, 2003 | trial court severed all of plaintiffs' claims against Emerson and FCL from the main action and assigned those claims to cause number 9472-A |
| | trial court severed Emerson's contribution claim against Panatrol from the main action and assigned it to cause number 9472-A |
| May 15, 2003 | FCL filed a motion for summary judgment on plaintiffs' remaining products liability claims |
| June 5, 2003 | trial court dismissed plaintiffs' claims against other defendants |
| | trial court severed plaintiffs' claims against other defendants and consolidated those claims with the other severed parties |
| July 7, 2003 | Panatrol filed its notice of appeal complaining of the trial court's April 28th judgment in favor of Emerson |
| August 18, 2003 | trial court rendered summary judgment in favor of FCL on plaintiffs' remaining product liability claims in cause number 9472-A |

Emerson asserts Panatrol's notice of appeal was due thirty days from April 28th. Panatrol asserts its notice of appeal was timely because the April 28th summary judgment did not become a final order until one of three alternative dates, at the latest August 18th.

## DISCUSSION

■■■ This court does not have jurisdiction over an appeal in the absence of a final judgment or an appealable interlocutory order. *See Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986); *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Appellate timetables are calculated from the signing of a final judgment in a case. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995). A judgment is final when "it actually disposes of every pending claim and party or

... it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001).

 Generally, an otherwise interlocutory summary judgment becomes final when the trial court signs an order severing into a separate cause the parties and claims addressed in the judgment. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.,* 63 S.W.3d 795, 795 (Tex.2001); *Farmer,* 907 S.W.2d at 496. An order of severance is effective when signed. *Farmer,* 907 S.W.2d at 496; *McRoberts v. Ryals,* 863 S.W.2d 450, 452–53 (Tex.1993). Therefore, here, the summary judgment in favor of Emerson would have become final and appealable thirty days after the severance order was signed on April 28th. *See* Tex.R.App. P. 26.1.

However, the April 28th judgment itself did not clearly and unequivocally state it finally disposed of all claims and all parties, and on May 14th, the trial court severed into cause number 9472–A plaintiffs' unresolved strict liability claims against FCL. As a result, the April 28th judgment in favor of Emerson was no longer final. *See Lehmann,* 39 S.W.3d at 205. And, with the May 14th severance of unresolved claims into cause number 9472–A, the April 28th judgment no longer actually disposed of every pending claim and party in cause number 9472–A. *See id.*

Plaintiffs' strict liability claims were not resolved until August 18, 2003. On this date, the trial court actually disposed of all pending claims and parties in cause number 9472–A. Therefore, a notice of appeal was not due until September 19, 2003. *See* Tex.R.App. P. 26.1. Thus, Panatrol's notice of appeal, filed on July 7, 2003, was timely.

*See* Tex.R.App. P. 27.1(a). Accordingly, we deny Emerson's motion to dismiss.