Motion Granted; Appeal Dismissed and Memorandum
Opinion filed May 27, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00879-CV

____________

 

A-AFFORDABLE INSURANCE AGENCY, INC., Appellant

 

V.

 

AEA INSURANCE AGENCY, INC., Appellee

 



 

On Appeal from the
10th District Court

Galveston County,
Texas

Trial Court Cause
No. 06CV0941A 

 



 

M E M O R
A N D U M   O P I N I O N

This appeal
is from a judgment signed September 9, 2009.  Appellee filed a motion to
dismiss the appeal for want of jurisdiction.  Appellant has responded and
appellee subsequently filed a reply.  For the reasons set forth below, we grant
the motion and dismiss the appeal.

The
record reflects the trial court granted partial summary judgment in favor of
appellee on August 25, 2008.  On September 9, 2009, the trial court granted
appellant’s motion to sever and entered an order “that the Court’s Partial
Summary Judgment entered on August 25, 2008 construing the words “agency fees”
in the contract and [appellant’s] Motion to Reconsider that ruling are hereby
severed from [appellee’s] remaining claims against [appellant]. . .”

Generally, an erroneous order of severance is
reversible but does not necessarily deprive this court of jurisdiction to
consider the appeal.  See Jones v. American Flood Research, Inc., 153
S.W.3d  722 (Tex. App. – Dallas 2005), rev’d on other grounds, 192
S.W.3d 581 (Tex. 2006).  This is only true, however, if there has been a final
judgment.  Id. at 722 (citing Pierce v. Reynolds, 160 Tex. 198,
329 S.W.2d 76 (1959) (“The court concluded that a final judgment in a
severed action was appealable even if the severance was improper.”) (emphasis
added).

A judgment becomes final upon severance if it
disposes of all the claims and/or parties addressed in the judgment.   See
Panatrol Corp. v. Emerson Elec. Co., 147 S.W.3d 518, 521 (Tex. App. –
San Antonio 2004, no pet.) (“Generally, an otherwise interlocutory summary
judgment becomes final when the trial court signs an order severing into a
separate cause of action the parties and claims addressed in the judgment.”)
(emphasis added); Thompson v. Beyer, 91 S.W.3d 902, 904 (Tex. App. –
Dallas 2002, no pet.) (“As a rule, severance of an interlocutory judgment into
a severed action makes it final if all claims in the severed action have
been disposed of,  unless the order of severance indicates further proceedings
are to be had in the severed action.”) (emphasis added); and Tanner v.
Karnavas, 86 S.W.3d 737, 743 (Tex. App. – Dallas 2002, pet. denied) (“As a
rule, severance of an interlocutory judgment into a separate action
makes it final.”) (emphasis added).  The trial court’s order of August 25th
2008 only defines the term “agency fees.”  It does not dispose of any claims,
causes of actions, or parties, and does not deny or grant any relief.  Further,
the trial court’s severance order only severs construction of the term “agency
fees” and appellant’s motion to reconsider, no claims or parties were severed
from the main action.

Moreover,
although it is not expressly stated in the order, it is clear that further
proceedings must be had in the severed action.  Even if appellant prevails and we
agree with the trial court, the judgment of August 25th 2008 does not dispose
of the claims dependent upon the definition of “agency fees.”  If, however,
appellee prevails and we disagree with the trial court’s construction of the
term “agency fees,” the trial court’s August 25th 2008 would be reversed and
the case remanded for further proceedings.  Neither scenario results in the
disposition of a claim or a party.  The trial court severed a definition, not a
judgment, and a severance cannot make an order final and appealable that is
otherwise interlocutory.  

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

 

Panel consists of Justices Brown, Sullivan, and
Christopher.