

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-071-CV

WILLIAM LEE MITCHELL                                  APPELLANT

V.

PAUL JOHNSON                                         APPELLEE

------------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On April 28, 2008, we sent appellant a letter stating that this court was concerned that it may not have jurisdiction over this appeal because the appealed February 6, 2008 Order on Motion on Summary Judgment does not dispose of all parties and, therefore, does not appear to be a final, appealable judgment. We abated the appeal on May 14, 2008 so that appellant could

---

[1] *See* TEX. R. APP. P. 47.4.

attempt to finalize the judgment through nonsuit, severance, or other appropriate procedure. We stated in the order that if we did not receive a supplemental record showing the finality of the order on or before June 13, 2008, we would dismiss the appeal for want of jurisdiction.

We have not received any correspondence from the parties since the date of the abatement order, nor have we been provided with a copy of any subsequent order from the trial court that would render the summary judgment order final and appealable. A judgment entered without a conventional trial on the merits is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment *as to all claims and all parties*." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001) (emphasis added); *see Wright v. Pino*, 163 S.W.3d 259, 263 (Tex. App.—Fort Worth 2005, no pet.). The Order on Motion on Summary Judgment in this case does not specifically dispose of appellant's claims against "Does 1, 2, and 3," nor does it state that it is final as to all claims and parties.

Because the Order on Motion on Summary Judgment is not a final, appealable order, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon

2

Supp. 2007); *Bally Total Fitness Corp*. *v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

PER CURIAM

PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: July 17, 2008

3