490 P.2d 726

**Allan OSBORN and Linda Spencer, Plaintiffs and Respondents,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA et al., Defendants and Appellants.**

**The EQUITABLE LIFE ASSURANCE SO- CIETY OF the UNITED STATES, a cor- poration, Third-Party Plaintiff and Cross- Appellant,**

**v.**

**Allan OSBORN, Guardian of the persons and estates of Larry Allen Spencer and Lisa Marie Spencer, minors, et al., Third-Party Defendants and Respondents.**

**No. 12318.**

Supreme Court of Utah.

Nov. 8, 1971.

**402**

Patterson, Foley, Phillips & Gridley, Findlay P. Gridley, Ogden, for defendants and appellants.

Paul N. Cotro-Manes, Salt Lake City, for Osborn, and others.

Wallace D. Hurd, Salt Lake City, for Equitable.

Jay E. Jensen, Salt Lake City, for Ins. Co. of No. America.

Walter R. Ellett, Murray, Special Ancillary Administrator of the Estate of Robert A. Goodin, deceased.

WILKINS, District Judge:

Defendant, Dorothy Hancock, guardian of the minors above named, appeals from a judgment of the district court, sitting without a jury, entered in favor of plaintiffs and third-party defendant, Special Ancillary Administrator of the Estate of Robert A. Goodin, deceased. Reversed and remanded to the district court with instructions to enter judgment on the point hereinafter specified in favor of the defendant Hancock, in accordance with this opinion. Costs to said defendant.

On July 12, 1967, Robert A. Goodin and Imogene Goodin, husband and wife, were killed simultaneously in an automobile accident near Cloudcroft, New Mexico. Both had been married previously, and at the time of their death, Mr. Goodin had four minor children by defendant Hancock, and Mrs. Goodin had two minor children and one adult child by her prior marriage.

Mr. and Mrs. Goodin had been married more than five years, and during this marriage, each took out two life insurance policies with The Equitable Life Assurance Society of the United States, in which Mr. Goodin as insured, named as beneficiaries in both of his policies totaling $35,500, (a) Mrs. Goodin for one-half the proceeds, and (b) his four minor children equally for the remaining one-half. The facts surrounding the insurance policies of Mrs. Goodin, as well as the policies themselves are irrelevant to this matter. Additionally, Mr. Goodin during this marriage took out a life insurance policy payable in the sum of $20,000 with Insurance Company of North America, hereinafter referred to as INA, designating specifically by name, as beneficiary, Mrs. Goodin only.

Mr. and Mrs. Goodin lived during their marriage in New Mexico, a community property state. They worked for a common employer, Dynalectron Corporation, and all premiums for payment of these insurance policies were deducted from their wages.

The lower court granted judgment, inter alia, declaring that (a) under the Equitable policies each of Mr. Goodin's four children would receive $4,437.50 and the estates of Mr. Goodin and Mrs. Goodin would each receive $8,875.00, and, (b) under the INA policy, the estates of Mr. and Mrs. Goodin would each receive $10,000.

The equitable policies provided "if more than one beneficiary is named, the death benefit, unless otherwise provided herein, will be paid in equal shares to the designated beneficiaries who survive the insured."

The INA policy provided that "if, at the death of the Insured, there is no surviving beneficiary, the * * * indemnity shall be payable * * * to the surviving class of the following classes of beneficiaries, otherwise to the estate of the Insured: Wife, husband, child or children, father, mother, brothers or sisters."

Section 29–1–28, New Mexico Statutes 1953, as amended, states:

Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary. If, however, the policy is community property of the insured and his spouse, and there is no alternative beneficiary except the estate or personal representative of the insured, the proceeds shall be distributed as community property under section 4 (29–1–27).

Said section states:

Where a husband and wife have died, leaving community property, and there is no sufficient evidence that they have died otherwise than simultaneously, one-half of all of the community property shall pass as if the husband had survived and as if said one-half were his separate property, and the other one-half thereof shall pass as if the wife had survived and as if said other one-half were her separate property.

The sole issue in this case is: Are the children of the insured, Robert A. Goodin, alternative beneficiaries under the three policies referred to above as to those proceeds which would have been paid to Mr. Goodin's wife if she had survived him.

We believe and hold that the question must be answered affirmatively. Under the Equitable policies, said children are the designated beneficiaries who survived Mrs. Goodin. Under the INA policy, though the applicable provision is somewhat awkwardly phrased, the meaning is clear and requires us to hold that said children are the surviving class of beneficiaries.

We believe that the trial court was correct in concluding that the insurance policies in controversy were procured from community funds of Mr. and Mrs. Goodin and that the law of New Mexico is controlling.

The respondents rely heavily upon the case of In re Miller's Estate, 44 N.M. 214, 100 P.2d 908 (1940). We think the holding in said case is not in point to sustain their position as that case arose and was decided prior to the enactment of Section 29–1–28, cited above. We believe, paren-

thetically, though that dictum in the Miller case that the husband becomes the owner of the wife's interest only if he survives her aids appellant's position. Therefore, an interpretation of Sections 29–1–27 and 29–1–28 and the pertinent insurance policies, not an analysis of the Miller case, is the basis of our decision.

Unless the last sentence of Section 29–1–28 sustains respondents' position, appellant must prevail. This section provides that in order to invoke Section 29–1–27, an insurance policy must be community property *and* there is no alternative beneficiary except the estate or personal representative of the insured. We believe that the provisions of all of the insured's policies clearly provide for his four children being alternative beneficiaries of those proceeds payable to Mrs. Goodin if she had survived the insured. These policies do not declare that the *estate or personal representative* of the insured is the alternative beneficiary. Therefore, Section 29–1–27 is not invokable; rather, Section 29–1–28, its juxtapositional companion in the New Mexico code, controls and settles in this case.

CALLISTER, C. J., and TUCKETT, and HENRIOD, JJ., concur.

ELLETT, J., having disqualified himself, does not participate herein.

CROCKETT, Justice (concurring).

I concur but add the following comments. According to my understanding, the resolution of the controversy may appear different, depending upon whether the emphasis in the approach is placed upon the provisions of the policies or upon the New Mexico Simultaneous Death Statute.

We should first look to the provisions in the policies. The one in the Equitable (the one in the North American is of a similar meaning) with which we are concerned is:

\* \* \* Any part of the life insurance for which *there is no beneficiary* designated by the Employee or *surviving* at the death of the Employee *will be payable* in a single sum *to* the first surviving class of the following classes of successive preference beneficiaries: The employee's (a) widow or widower; (b) *surviving children*; (c) surviving parents; (d) surviving brothers and sisters; (e) executors or administrators.

It will be noted from the emphasized language that although the named beneficiary, Imogene Goodin, died simultaneously with and therefore did not survive the insured, by the further express terms of the policy the proceeds are designated to go to Class (b), the "surviving children" of the insured.

The proceeds of the policy being *thus effectively disposed of by its own terms* to the "surviving children" as alternative beneficiaries, there is no occasion to resort to the New Mexico Simultaneous Death Act.

This is shown plainly by an examination of the applicable section of the Act:

29-1-29. *Act does not apply if decedent provides otherwise.*—This act [29-1-24 to 29-1-31] shall not apply in the case of wills, living trusts, deeds, or *contracts of insurance,* or any other situation *where provision is made for distribution of property different from the provisions of this act,* or where provision is made for a presumption as to survivorship which results in a distribution of property different from that here provided.

(All emphasis mine.)