Esther Belle MEDLIN, Appellant

v.

Earnest G. MEDLIN, Floyd W. Medlin, Brenda E. Burford and Carolyn E. Medlin, Appellees.

No. 07–91–0259–CV.

Court of Appeals of Texas, Amarillo.

May 28, 1992.

Rehearing Overruled June 15, 1992.

Walker Metcalf, Ralph H. Brock, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne and Mark W. Harmon, Lubbock, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

The question to be determined in this matter is whether appellant Esther Belle Medlin or appellees Earnest G. Medlin, Floyd W. Medlin, Brenda E. Burford and Carolyn E. Medlin are entitled to one-half of insurance proceeds which had become payable due to the death of Jessie F. Medlin, Jr. (Jessie), the insured. Appellant is the insured's mother and appellees are the insured's children by a previous marriage. From a trial court judgment awarding those proceeds to appellees, appellant brings this appeal. For reasons hereinafter expressed, we reverse the judgment of the trial court and render judgment awarding the proceeds in question to appellant.

The beneficiary clause of the insurance policy provides in pertinent part:

Any sum becoming due on account of the death of an insured employee shall be payable to the beneficiary or beneficiaries designated by the employee ... provided that if any designated benefi-

ciary predeceases the employee, the share which such beneficiary would have received if living shall, *except as may be otherwise specifically provided* by the employee, be payable equally to the remaining designated beneficiary or beneficiaries, if any, who survive the employee.... [emphasis added]

In his Request for Group Life and Accidental Death and Dismemberment Insurance, Jessie designated the beneficiaries in the following manner:

Co/ Josie Ann Medlin 50%

Co/ Esther Belle Medlin 50%

Josie Medlin was Jessie's wife. Both Jessie and Josie were murdered by their daughter, Rebecca, and Rebecca's boyfriend. Rebecca and her boyfriend killed themselves later the night of the murder. Both Jessie and Josie died at approximately the same time. Both parties agree that under Tex.Prob.Code Ann. § 47(e) (Vernon 1980), Jessie is deemed to have survived Josie for purposes of determining the rights under the insurance policy. The parties are in dispute over who is entitled to the 50% proceeds designated for Josie. There is no dispute concerning the 50% designated for appellant, Esther Belle Medlin. In its judgment, the trial court found appellees were entitled to the proceeds in question. In relevant findings of fact the court found that Jessie specifically provided that upon his death Josie was to receive only 50% of the proceeds, appellant was to receive only 50% of the proceeds, and Jessie did not provide for a contingent beneficiary with respect to the 50% specifically given to Josie.

In two points of error, appellant contends the trial court erred in rendering judgment for appellees. We construe her two points to be attacks upon both the legal and factual sufficiency of the evidence to support the finding that Jessie specifically provided that appellant was to receive only 50% of the insurance proceeds.

Citing the general rule that the designated beneficiary of a life insurance policy is entitled to the proceeds upon the death of the insured, *McFarland v. Franklin Life Insurance*, 416 S.W.2d 378, 381 (Tex.1967),

appellant contends she is entitled to the proceeds in question. Appellees, however, contend that by his 50% designation to appellant, Jessie, pursuant to the beneficiary clause, specifically provided appellant was to receive only 50% of the proceeds and the trial court correctly decided they were entitled to the other 50% of the proceeds.

■ As we noted earlier, the beneficiary clause provides that the beneficiaries have right of survivorship "except as may be otherwise specifically provided." The obvious question for our decision is whether the trial court was correct in concluding that, by his 50% designation, Jessie "specifically provided" that appellant was entitled to no more than that percentage of the proceeds. Within this context, "specifically" means "with exactness and precision: in a definite manner." Webster's Third New International Dictionary 2187 (1976); *cf. Tindall v. Tacconelly*, 328 S.W.2d 909 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.) (" '[S]pecify' " means 'to mention or name in a specific or explicit manner: to tell or state precisely or in detail.' ").

In support of their contention that the trial court judgment was correct, appellees cite the general rule that insurance policies are governed by the same rules of interpretation applicable to other types of contract, *i.e.*, the primary purpose of interpretation of a contract is to determine the intent of the parties based upon a consideration of all parts of the contract, and, when a contract is reasonably susceptible of more than one construction or interpretation, the meaning of the agreement and the intent of the parties is a question of fact for the trier of fact. *Gaulden v. Johnson*, 801 S.W.2d 561, 563–64 (Tex.App.—Dallas 1990, writ denied).

It is a corollary of the above rule that only if the court makes the determination that the contract cannot be given a definite and certain legal meaning, and is therefore ambiguous, does a question of fact arise to be determined by the trier of fact. *Id.* It is also well settled that in a non-jury case, such as this, if there are questions of fact, the trial court is the finder of fact and as

such is the judge of the credibility of the witnesses and the weight to be given to their testimony. Findings of fact, in such an instance, are entitled to the same weight and are to be reviewed in the same manner as a jury verdict. *Harris, Upham & Co., Inc. v. Ballantyne*, 538 S.W.2d 153, 157 (Tex.Civ.App.—Dallas 1976, no writ).

Appellees do not contend that the policy beneficiary clause itself is ambiguous. The thrust of their contention must be that the 50% notation, under the facts of this case, makes the designation under the clause ambiguous thus requiring the trial court to hear testimony to determine the intent of the deceased. Thus, the trial court's determination that the 50% notation was a limitation upon the amount to be paid to appellant in any event, was within the ambit of its role as a factfinder. We disagree.

If the 50% had not been made, clearly appellant would have been entitled to the policy benefits under the survivorship clause. It is equally clear that if both beneficiaries had survived the deceased, each would have been entitled to one-half the proceeds. That being so, the simple addition of the 50% notation by each name was simply surplusage and did not affect the shares which would have been payable to the beneficiaries under the policy. It did not make the designation ambiguous nor was it the specific provision required under the policy to limit the surviving beneficiary's right to the proceeds of the policy.

Both parties agree that there are no reported Texas cases on point with this one. However, out of state cases cited, the case of *Osborn v. Insurance Company of North America*, 26 Utah 2d 401, 490 P.2d 726 (1971), is most nearly analogous to the present case. In that case, a husband and wife died simultaneously. The husband had two life insurance policies naming his wife as a beneficiary of one-half of the proceeds and his four minor children by a prior marriage as beneficiaries of the other one-half. Similar to the present case, the relevant policies stated, " '[I]f more than one beneficiary is named, the death benefit, *unless otherwise provided herein*, will be

paid in equal shares to the designated beneficiaries who survive the insured.' " *Id.* at 490 P.2d 727 (emphasis added).

With the comment that "We believe that the provisions of all of the insured's policies *clearly* provide for his four children being alternative beneficiaries of those proceeds payable to Mrs. Goodwin if she had survived the insured [emphasis added]," the Court held the provision that the policy proceeds be paid equally to the named beneficiaries, was not a limitation on the total amount of the proceeds to which the surviving beneficiaries (the children) were entitled under the policy. Accordingly, the court held the children, as surviving beneficiaries, were entitled to the entire proceeds of the policy. *Id.* at 727–28.

Likewise, we hold the 50% designation was not a specific provision denying the survivorship right to which appellant was entitled under the policy.

Appellant's first point of error is sustained. That holding makes it unnecessary to discuss appellant's second point in which she challenges the sufficiency to support the trial court's findings of fact.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant, awarding her the insurance proceeds presently on deposit in the registry of the trial court, together with any interest accrued thereon.