

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 4, 2015

The Honorable Donna Bahorich
Chair, State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. KP-0043

Re: Authority of the State Board of Education to promulgate rules governing the process used by school districts and charter schools in selecting instructional materials (RQ-0026-KP)

Dear Ms. Bahorich:

Your predecessor asked seven questions related to the authority of the State Board of Education ("SBOE") to promulgate rules regulating the process by which school districts and open-enrollment charter schools select instructional materials.[1] Alongside the seven questions relating to SBOE's authority to enact specific rules, your predecessor asked the general question of whether SBOE's "authority extend[s] to all local adoptions of instructional materials regardless of whether the materials are purchased from [SBOE's] list of adopted instructional materials." Request Letter at 2.

To answer this general question, a review of the statutes explaining SBOE's and the school districts' respective authority is helpful. The Legislature has provided that SBOE "may perform only those duties relating to school districts or regional education service centers assigned to [SBOE] by the constitution of this state or by this subchapter or another provision of this code." TEX. EDUC. CODE § 7.102(a). "The school districts and charter schools created in accordance with the laws of this state have the primary responsibility for implementing the state's system of public education and ensuring student performance in accordance with this code." Id. § 11.002. "The trustees of [an independent school district] have the exclusive power and duty to govern and oversee the management of the public schools of the district." Id. § 11.151(b). "All powers and duties not specifically delegated by statute to [the Texas Education Agency or SBOE] are reserved for the trustees, and the agency may not substitute its judgment for the lawful exercise of those powers and duties by the trustees." Id.

Chapter 31 of the Education Code governs the approval and adoption of instructional materials. Id. §§ 31.001–.153. Subchapter A, titled "General Provisions," includes two relevant sections. Section 31.003 provides: "The State Board of Education may adopt rules, consistent with

[1]See Letter from Honorable Barbara Cargill, Chair, State Bd. of Educ., to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (June 8, 2015), https://texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter"). Upon becoming Chair of SBOE, you asked that we proceed with the opinion. See Letter from Honorable Donna Bahorich, Chair, State Bd. of Educ., to Virginia Hoelscher, Chair, Op. Comm. (July 17, 2015) (on file with the Op. Comm.).

this chapter, for the adoption, requisition, distribution, care, use, and disposal of instructional materials." *Id.* § 31.003. Section 31.004 requires school districts and open-enrollment charter schools to determine annually whether students have instructional materials that cover the essential knowledge and skills ("TEKS") and to "certify to [SBOE] and the commissioner [of education] that . . . the district provides each student with instructional materials that cover all elements of the [TEKS]." *Id.* § 31.004(a). In determining whether each student has the necessary instructional materials, a school district or open-enrollment charter school may consider, among other things, the instructional materials adopted by SBOE and materials "developed or purchased by the school district or open-enrollment charter school." *Id.* § 31.004(b)(1), (5).

Subchapter B of chapter 31, titled "State Funding, Adoption, and Purchase," provides specific mandates to SBOE regarding its duties related to textbook adoption. Section 31.023 requires SBOE to "adopt a list of instructional materials" for each subject and grade level. *Id.* § 31.023(a). The list is to include "each instructional material submitted [by a publisher] for the subject and grade level that . . . contains material covering at least half of the elements of the [TEKS]." *Id.* Separately, the commissioner of education must adopt a list of materials with regard to certain subjects, grade levels, and types of material. *Id.* § 31.0231. Section 31.024 requires SBOE to "provide the list of adopted instructional materials to each school district" not later than December 1 of the year preceding the school year for which the materials will be purchased. *Id.* § 31.024(b).

Subchapter C of chapter 31, titled "Local Operations," outlines the authority and duties of school districts and open-enrollment charter schools with regard to instructional materials. Section 31.101 provides:

> (a) Each year, during a period established by [SBOE], the board of trustees of each school district and the governing body of each open-enrollment charter school shall:
>
> (1) for a subject in the foundation curriculum, notify [SBOE] of the instructional materials selected by the board of trustees or governing body for the following school year from the instructional materials list, including the list adopted under Section 31.0231; or
>
> (2) for a subject in the enrichment curriculum:
>
> (A) notify [SBOE] of each instructional material selected by the board of trustees or governing body for the following school year from the instructional materials list, including the list adopted under Section 31.0231; or
>
> (B) *notify [SBOE] that the board of trustees or governing body has selected instructional material that is not on the list.*

*Id.* § 31.101 (emphasis added).[2] Section 31.106 provides that "[i]n addition to any instructional material selected under this chapter, a school district or open-enrollment charter school may use local funds to purchase any instructional materials." *Id.* § 31.106.

In determining the extent of SBOE's rulemaking authority with regard to the adoption of textbooks, we must analyze the statute granting that authority alongside the statutory provisions addressing SBOE's and the school district's and open-enrollment charter school's respective authorities. *See In re Bridgestone Ams. Tire Operations, L.L.C.,* 459 S.W.3d 565, 572 (Tex. 2015) ("We analyze statutory language in context, considering the specific section at issue as well as the statute as a whole."). While section 31.003 gives SBOE rulemaking authority over the adoption of textbooks, that authority must be considered alongside the legislative mandate that "[a]ll powers and duties not *specifically delegated by statute* to [the Texas Education Agency or SBOE] are reserved for the trustees, and the agency may not substitute its judgment for the lawful exercise of those powers and duties by the trustees." TEX. EDUC. CODE §§ 11.151(b), 31.003 (emphasis added). Texas courts have observed that the word "specifically" means "with exactness and precision: in a definite manner." *Medlin v. Medlin,* 830 S.W.2d 353, 354 (Tex. App.—Amarillo 1992, writ denied) (quotation marks omitted); *see also Collins v. Smith,* 175 S.W.2d 407, 409 (Tex. 1943) (defining "specify" as "to mention or name in a specific or explicit manner" (quotation marks omitted)). Thus, in answering your predecessor's questions about SBOE's authority to regulate school district and open-enrollment charter school adoption of instructional materials, we must look to what SBOE has been "specifically delegated by statute." TEX. EDUC. CODE § 11.151(b).

Your predecessor first asked whether SBOE by rule may "require public schools to follow a process in the local adoption of instructional materials that allows for public input and participation during the local review and adoption process." Request Letter at 2. As discussed above, SBOE is authorized to "adopt rules, consistent with [chapter 31 of the Education Code], for the adoption, requisition, distribution, care, use, and disposal of instructional materials." TEX. EDUC. CODE § 31.003. Chapter 31 contains no mention of public input and participation with regard to the adoption of instructional materials. *Cf. id.* § 28.002(c) (requiring SBOE "with the direct participation of . . . parents" to identify the essential knowledge and skills of each subject). Thus, a court would likely determine that no statute specifically delegates to SBOE the authority to require school districts to adopt a public input and participation process, and such a rule would exceed SBOE's rulemaking authority.[3]

Your predecessor asked in her second question whether SBOE by rule may "require public schools to adopt procedures ensuring prior local approval of changes in content made by a publisher to instructional materials that are not purchased from [SBOE's] approved list." Request

---

[2]Section 28.002 of the Education Code explains that "foundation curriculum" includes English, math, science, and social studies; "enrichment curriculum" includes other languages, health, physical education, fine arts, career and technology education, technology applications, religious literature, and financial literacy. TEX. EDUC. CODE § 28.002(a).

[3]Whether school districts could independently provide for a public input and participation process before they adopt instructional materials is a separate question that we do not address.

Letter at 2. She explained that such a rule would require the school district to "grant approval to a publisher before the publisher [could] change [the] content of instructional materials purchased by a public school that were not on [SBOE's] approved list." *Id.* at 5. Chapter 31 requires that a publisher's materials must be free from factual error; however, nothing in chapter 31 speaks to requiring a publisher to obtain approval from a school district before making any changes in content. *See* TEX. EDUC. CODE § 31.151(a)(9) (requiring publishers to certify that instructional materials are free of factual errors). It seems reasonable, however, for SBOE to require publishers to notify it of changes made to the content of materials, as it has done through an administrative rule. *See* 19 TEX. ADMIN. CODE § 66.79 (2015). A school district could adopt its own policy or a contract term with a publisher, requiring this on the local level, as SBOE has done on the state level. A court would likely conclude, however, that the Legislature has not specifically delegated authority to SBOE to require school districts to do so.

In her third question, your predecessor asked whether SBOE may by rule "require public schools to specify which TEKS are covered by each locally-adopted instructional material and make this information publically available" and whether SBOE may "impose a requirement on public schools to identify which passage(s) in each of those instructional materials cover(s) which specific elements of the TEKS." Request Letter at 2.

Section 31.004 of the Education Code requires:

> Each school district and open-enrollment charter school shall annually *certify* to [SBOE] and the commissioner [of education] that, for each subject in the required curriculum under Section 28.002, other than physical education, and each grade level, the district provides each student with instructional materials that cover all elements of the essential knowledge and skills adopted by [SBOE] for that subject and grade level.

TEX. EDUC. CODE § 31.004(a) (emphasis added). Subsection 31.004(b) establishes that it is the school district or open-enrollment charter school that "determine[s] whether each student has instructional materials that cover all elements of the essential knowledge and skills." *Id.* § 31.004(b).

Common understandings of the word "certify" include "[t]o attest as being true or as meeting certain criteria," and "attest or confirm in a formal statement." BLACK'S LAW DICTIONARY 258 (9th ed. 2009); NEW OXFORD AM. DICTIONARY 284 (3d ed. 2010). Had the Legislature intended that school districts be required to provide documentation or evidence alongside the certification, it could have required them to do so. Instead, the Legislature required a school district to certify, or confirm, to SBOE only that its instructional materials cover all elements of the TEKS. TEX. EDUC. CODE § 31.004(a). As your predecessor noted, "there is no provision in statute that requires a public school to identify where in the instructional materials each of the TEKS is covered." Request Letter at 5. Thus, because the Legislature has not "specifically delegated" to SBOE the authority to require public schools to specify which TEKS are covered by each locally-adopted instructional material, requiring this by rule would appear to exceed SBOE's rulemaking authority. *See* TEX. EDUC. CODE § 11.151(b).

Your predecessor asked in her fourth question whether SBOE may "by rule establish an administrative penalty for a publisher who fails to correct a factual error identified by a public school contained in an instructional material that was not on [SBOE's] approved list." Request Letter at 2. Section 31.151 of the Education Code requires a publisher of instructional materials to "guarantee that each copy of instructional material sold in this state is . . . free from factual error" and to "submit to [SBOE] an affidavit certifying any instructional material the publisher . . . offers in this state to be free of factual errors at the time the publisher executes" its required contract with SBOE. TEX. EDUC. CODE § 31.151(a)(4), (9). That section further authorizes SBOE to "impose a reasonable administrative penalty against a publisher or manufacturer who knowingly violates" those requirements. *Id.* § 31.151(b). Thus, the statute authorizes SBOE to impose an administrative penalty on a publisher that violates section 31.151 by selling instructional materials that contain factual errors about which they have been notified. *See* Tex. Att'y Gen. Op. No. GA-0823 (2010) at 6 ("subchapter D, chapter 31 of the Education Code authorizes the SBOE to impose an administrative penalty on a university [publisher]" for violating that subchapter). Pursuant to this provision, SBOE has already adopted a rule authorizing a penalty "for failure to correct a factual error." 19 TEX. ADMIN. CODE § 66.10 (2015). The broad language in this statute would appear to allow a penalty regardless of which entity identifies the factual error. The validity of any specific rule could be determined only after analyzing its specific requirements.

In her fifth question, your predecessor asked whether SBOE may "by rule require public schools to develop conflicts of interest policies and require public schools and publishers to keep contact registers between school officials and publishers." Request Letter at 2. Section 31.152 of the Education Code provides, in part:

    (a) A school trustee, administrator, or teacher commits an offense if that person receives any commission or rebate on any instructional materials or technological equipment used in the schools with which the person is associated as a trustee, administrator, or teacher.

    (b) A school trustee, administrator, or teacher commits an offense if the person accepts a gift, favor, or service that:

        (1) is given to the person or the person's school;

        (2) might reasonably tend to influence a trustee, administrator, or teacher in the selection of instructional material or technological equipment; and

        (3) could not be lawfully purchased with state instructional materials funds.

    (c) An offense under this section is a Class B misdemeanor.

TEX. EDUC. CODE § 31.152(a)–(c). Nothing in the statute suggests that SBOE is authorized to require school districts to develop their own individual policies regarding conflicts of interests or

keep contact registers, and requiring such policies would therefore likely exceed SBOE's rulemaking authority.

In her sixth question, your predecessor asked whether SBOE may "by rule require a public school to adopt only instructional materials that provide an end-of-section review exercise, an end-of-chapter activity, a unit test, or its electronic equivalent, documenting TEKS coverage in the student version when purchasing instructional materials that are not on [SBOE's] approved list." Request Letter at 2. Chapter 31 does not address end-of-section review exercises or testing, and an SBOE rule mandating that school districts require them would likely exceed SBOE's rulemaking authority.

In her final question, your predecessor asked whether SBOE may "by rule require a public school to ensure that all locally-adopted instructional materials that are not on [SBOE's] approved list comply with Texas Education Code section 28.002(h)," and, in the alternative, whether "section 28.002(h) impose[s] a mandate on public schools to ensure that locally-adopted instructional materials meet that requirement." *Id.* at 2. Subsection 28.002(h) states:

> The State Board of Education and each school district shall foster the continuation of the tradition of teaching United States and Texas history and the free enterprise system in regular subject matter and in reading courses and in the adoption of instructional materials. A primary purpose of the public school curriculum is to prepare thoughtful, active citizens who understand the importance of patriotism and can function productively in a free enterprise society with appreciation for the basic democratic values of our state and national heritage.

TEX. EDUC. CODE § 28.002(h). Under the plain language of subsection 28.002(h), a school district must offer instruction in United States and Texas history and the free enterprise system and must adopt instructional materials accordingly. *See* TEX. GOV'T CODE § 311.016(2) ("'Shall' imposes a duty."). Furthermore, in accordance with the second sentence in subsection (h), a school district should ensure that its curriculum emphasizes patriotism and democratic values. Because the Legislature has not specifically delegated authority to SBOE to ensure school district compliance with section 28.002, a rule doing so would likely exceed SBOE's rulemaking authority.

When the Legislature delegates authority, and establishes broad standards, it generally leaves to the agency the making of rules and the determination of facts to effectuate the legislative policy. *R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 689 (Tex. 1992). With regard to textbooks, however, the Legislature has delegated authority to multiple entities: SBOE, TEA, and individual school districts. While the rules proposed by your predecessor with regard to the local adoption of textbooks may well be permitted in the absence of this multifaceted delegation, SBOE's powers are restricted by the authority granted by the Legislature to the individual school districts and must be considered in that light.

## S U M M A R Y

The Legislature has provided, pursuant to section 11.151 of the Education Code, that with regard to the regulation of school districts, the State Board of Education ("SBOE") has only those powers and duties "specifically delegated by statute," and that SBOE "may not substitute its judgment for the lawful exercise of those powers and duties by the trustees" of the school districts.

The Legislature has not specifically delegated authority to SBOE to require school districts, in their adoption of instructional materials, to: (1) adopt a public input and participation process; (2) adopt procedures ensuring prior local approval of changes in content made by a publisher to instructional materials that are not purchased from SBOE's approved list; (3) specify which essential knowledge and skills ("TEKS") are covered by each locally-adopted instructional material and identify which passages in each of those instructional materials cover which specific elements of the TEKS; or (4) develop conflicts of interest policies and require public schools and publishers to keep contact registers between school officials and publishers.

Section 31.151 of the Education Code authorizes SBOE to impose a reasonable administrative penalty against a publisher or manufacturer who knowingly violates the requirement that its instructional materials be free from factual errors. Because the statute does not specify the entity that must identify the factual error, SBOE has authority to impose an administrative penalty against a publisher for a factual error identified by a school district.

Subsection 28.002(h) of the Education Code requires a school district to offer instruction in United States and Texas history and the free enterprise system and adopt instructional materials accordingly. It also requires that a school district ensure that its curriculum emphasizes patriotism and democratic values. Because the Legislature has not specifically delegated authority to SBOE to ensure school district compliance with subsection 28.002(h), a rule doing so would likely exceed SBOE's rulemaking authority.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General, Opinion Committee